**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**DOUGLAS POLK**

      **Defendant.**

_____/

Case No. 2:20-20449-01
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

## ORDER DENYING MOTION FOR PRETRIAL RELEASE ON BOND (ECF No. 48)

### I. Procedural History

#### A. Introduction

Defendant is indicted for possession with intent to distribute cocaine base, being a felon in possession of a firearm, and possession of firearms in furtherance of drug trafficking crimes, pursuant to, respectively, 21 U.S.C. 841(a)(1), 18 U.S.C. 922(g)(1) and 18 U.S.C. 924(c). (ECF No. 11, Counts I, III & V.) On December 8, 2020, he consented to detention after being arraigned before Judge Grand. (ECF No. 31.) He now moves for pretrial release on bond, as described in his June 5, 2021 motion and brief. (ECF No. 48.) The Government has responded and Defendant has filed a reply. (ECF Nos. 51, 54.)

### B. The Hearing

The parties appeared before me for a hearing on July 9, 2021, which the Court conducted as a detention hearing on proffer. The Court issued its ruling from the bench, denying Defendant's motion for bond and ordering continued detention. At that time, the Court considered the factors set forth in 18 U.S.C. 3142(g) and gave its reasoning for detention on the record, <u>all of which is incorporated by this reference as though fully restated herein</u>. Probable cause for the crimes charged against Polk has already been established by virtue of the grand jury's indictment. There is, accordingly, a rebuttable presumption in favor of detention in this case. 18 U.S.C. 3142(e)(3). Defendant did introduce sufficient evidence to rebut that presumption. However, the Court still finds: (a) by a preponderance of the evidence that there is no condition or combination of conditions which will reasonably assure Defendant's appearance; and (b) by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community.

## II.   Standards and Analysis

In general, "[t]he default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Pursuant to "the Bail Reform Act, 18 U.S.C. § 3142 . . . a defendant may be

detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *U.S. v. Hinton*, 113 Fed. Appx. 76, 77 (6th Cir. 2004) (citing *U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003)); *U.S. v. Ellison*, 2007 WL 106572, at *2 (E.D. Mich., Jan. 8, 2007).

The Court first considers the nature and circumstances of the charges against Polk, including whether they involve certain enumerated offenses, including crimes of violence. 18 U.S.C. § 3142(g)(1). As explained from the bench, the charges are very serious in nature: they involve the lethal combination of drugs and guns, carry a rebuttable presumption in favor of detention, and authorize lengthy sentences should Polk be convicted or plead guilty. The circumstances of the charges are likewise very serious, as they include sales of suspected crack cocaine in an undercover purchase made by a confidential informant, and involve the recovery from Polk's person of over 24 grams of suspected crack cocaine; additionally, prerecorded Government funds, one rifle and one pistol were recovered from a bedroom of a home in which court paperwork and mailers addressed to Polk were found, and the house contained a large television set

attached to surveillance cameras directed at the interior and exterior of the residence. (ECF No. 51, PageID.253-254 and citations contained therein.)

The second factor the Court must consider is the weight of the evidence. 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. "'[T]he weight of the evidence against the person,' is not relevant to whether probable cause has been established. By its terms, it deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community." *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). As the Ninth Circuit explained in *United States v. Gebro*, 948 F.2d 1118, 1121 (1991), "Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt." This factor favors detention, for the reasons appearing below and as discussed from the bench.

The third factor the Court must consider is "the history and characteristics of the person" accused. 18 U.S.C. § 3142(g)(3). This factor also favors detention. Although Polk has family ties in the area and has predominantly lived in Detroit, his past conduct includes: nine parole or probation violations, four failures to appear in court, multiple alcohol-related convictions, four drug-related convictions, four firearm or assaultive behavior convictions, three times being in absconder

status, fleeing from the police on at least one occasion, use of an alias, multiple misconducts while in prison (including for assaultive behavior leading to injury), at least one bond violation, and two reported instances of extremely violent domestic assaults, both of which included choking and use of a firearm, once as a threat after cocking the firearm and placing it to the victim's head, and once where Polk pistol-whipped the victim. Moreover, while on bond for state charges involving the sale of drugs out of Lenawee County, Michigan in 2020 (which were later federalized to the charges in the instant matter), Polk fled Michigan and was ultimately picked up in Minnesota by a drug task force investigating crime in that jurisdiction. Polk was charged in Minnesota with committing additional drug-related crimes while on bond, although these charges have since been dismissed. In Minnesota, officers recovered four plastic baggies containing 114 grams of methamphetamine from the vehicle Polk was driving, and Polk told the officers that he was "on the run" from Michigan, that he had outstanding warrants for drugs and firearms charges there, and admitted to getting four ounces of methamphetamine approximately one week prior and to being involved in the trafficking of methamphetamine in Minnesota. (ECF No. 51, PageID.259; ECF No. 52-1, PageID.277-278.)

Finally, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by [Polk's] release." 18 U.S.C. § 3142(g)(4). Polk poses a serious danger to the community because of his

ongoing drug trafficking (even while being on bond) and possession of guns in connection with drug trafficking (even while being a convicted felon). He also poses a great danger to prior and potentially new victims of domestic violence, the most recent of whom, a pregnant woman who was driving the vehicle from which he was arrested, reported being pistol-whipped by Polk the day before his Minnesota arrest, choked until the point that she "tasted death," threatened with phrases like "I know where your mom lives[,]" "I know what school your son goes to[,]" and threatening to "slice her throat[,]" and who reported being "fearful for her life if she were to provide any information." (ECF No. 51, PageID.260-261; ECF No. 52-1, PageID.276, 281-282.) For this reason, the Court also has additional concerns about the possible intimidation of witnesses and obstruction of justice.

### III. Conclusion and Order

There are no conditions or combination of conditions that can reasonably assure Polk's appearance or the safety of the community. His motion for pretrial release on bond is therefore **DENIED** and he is to remain in the custody of the United States Marshals Service through trial. It is **SO ORDERED.**

Dated: July 12, 2021

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE